■ NINA WEST et al., Respondents, v ANGELA SAPIO et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., arising from an automobile accident, defendants appeal from an order of the Supreme Court, Nassau County, dated February 1, 1980, which, *inter alia,* granted plaintiffs' motion to increase the *ad damnum* clause for the first cause of action from $250,000 to $5,000,000 and for the second cause of action from $25,000 to $500,000. Order affirmed, with one bill of $50 costs and disbursements payable jointly by defendants appearing separately and filing separate briefs. The examinations before trial shall be held at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by defendants, or at such other time and place as the parties may agree. The notices for the examinations before trial and the physical examination of plaintiff Nina West shall be served within 10 days after service upon defendants of a copy of the order to be made hereon, together with notice of entry thereof. Under the circumstances presented, Special Term did not abuse its discretion in granting the motion. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.

■ MARVIN H. WOLF, Appellant, v HERBIL HOLDING Co., Respondent, et al., Defendant.—In an action to recover damages for the failure of defendant Herbil Holding Co. to close title to real property purchased by it at a foreclosure sale, plaintiff appeals from an order of the Supreme Court, Nassau County, dated December 12, 1979, which denied his motion to strike the answer and counterclaim of defendant Herbil Holding Co. and to set the matter down for an assessment of damages. Order reversed, on the law, with $50 costs and disbursements, motion granted and case remitted to Special Term for an assessment of damages. Under the circumstances of this case, it was erroneous for Special Term to have determined that there were triable issues of fact concerning the liability of defendant Herbil Holding Co. Such liability was established by a prior order of Special Term from which defendant Herbil Holding Co. never appealed. Accordingly, the only question which remained was a determination as to the quantum of damages. Damiani, J. P., Titone, Lazer and Cohalan, JJ., concur.